UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24355

DANIRA L. LOPEZ SIERRA,

    Plaintiff,

vs.

APEXX MANAGEMENT GROUP, CORP.,
B & JCM PROPERTIES, L.L.C.,
BENITO IRASTORZA, and
JEAN-PAUL IRASTORZA,

    Defendants.
_____/

## COMPLAINT FOR OVERTIME WAGES

Plaintiff, Danira L. Lopez Sierra, sues Defendants, Apexx Management Group, Corp., B & JCM Properties, L.L.C., Benito Irastorza and Jean-Paul Irastorza, for unpaid overtime wages as follows:

*Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Danira Lopez,** is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old. She was an employee of Defendants as the term "employee" is defined under Florida law.

2.    **Defendant, Apexx Management Group, Corp.**, is a for profit Florida corporation that is *sui juris* and has operated its hotel business here, in Miami-Dade County, Florida, at all times material.

1

3. **Defendant, B & JCM Properties, L.L.C.**, is a for profit Florida limited liability corporation that is *sui juris* and has operated its hotel business here, in Broward County, Florida, at all times material. B & JCM Properties, L.L.C. identifies Bentel Corporation as its "manager".

4. **Defendant, Benito Irastorza**, was and an owner and/or operator of the corporate Defendants, for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

5. **Defendant, Jean-Paul Irastorza**, was and an owner and/or operator of the corporate Defendants, for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

6. Defendants operated as a "Best Western" Hotel and, collectively, were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d). All Defendants employed Plaintiff.

7. This Court has jurisdiction over Plaintiff's FLSA claims.

8. Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their office and principal place of business and/or live in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this County.

### *Background Factual Allegations*

9. Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

10. Defendant has been at all times material engaged in interstate commerce in the course of its provision of hotel, laundry, housekeeping, maintenance, cleaning, food, bar, and other hotel amenities and services to guests from inside and outside of the State of Florida. Defendants utilize machinery, cleaning products, linens, food, produce, beverages, spirits, computers, materials and supplies that moved through interstate commerce, in conjunction with and under contract with businesses that also engaged in interstate commerce.

11. Furthermore, Defendant obtains, exchanges, and send/receive funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

12. Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

13. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

14. Plaintiff worked for Defendants making breakfast, cleaning the kitchen, and attending to the hotel's guests for Defendants from February 2, 2015 to May 9, 2016.

15. Defendants paid Plaintiff at a rate of $8.75 per hour until July 1, 2015, when Defendants raised her pay to $9.75 per hour.

16. Plaintiff's work was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to her' work for Defendants in the course of her handling, mixing, baking, and providing food, ingredients, flour, baking soda, and other food-grade ingredients that traveled through interstate commerce while also utilizing computers, equipment, telephone lines, funds, and electronic

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

transmissions that also traveled through interstate commerce.

17. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

18. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of one and one-half times her regular rate of pay for each of the overtime hours she worked during the past three years.

19. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for all overtime hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay earned, and then failed to timely correct their violation after having known and been put on notice of same.

20. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

21. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

WHEREFORE Plaintiff, Danira L. Lopez Sierra, demands the entry of a judgment in her favor and against Defendants, B & JCM Properties, L.L.C., Apexx Management Group, Corp., Benito Irastorza and Jean-Paul Irastorza, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages for all overtime work performed for the Defendants within the past three years as provided under the law and in 29 U.S.C. § 216(b)

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com  www.fairlawattorney.com

b. That Plaintiff recover pre-judgment interest if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That the Defendant be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e. All interest allowed by law; and

f. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 14th day of October, 2016.

Respectfully Submitted,

FAIRLAW FIRM
*Counsel for Plaintiff*
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:   305.230.4884
Fax:   305.230.4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

5

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com   www.fairlawattorney.com