UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI- CIVIL DIVISION

CASE NO. 1:16-cv-24355-RNS

_____

DANIRA L. LOPEZ SIERRA,

    Plaintiff,

vs.

APEXX MANAGEMENT GROUP, CORP.,
B & JCM PROPERTIES, L.L.C.,
BENITO IRASTORZA, and
JEAN-PAUL IRASTORZA,

    Defendants.
_____

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND
DISMISSAL WITH PREJUDICE WITH INCORPORATED MEMORANDUM OF LAW**
_____

    Plaintiff, DANIRA L. LOPEZ SIERRA, and the Defendants, B&JCM PROPERTIES, L.L.C., APEXX MANAGEMENT GROUP CORP., BENITO IRASTORZA, and JEAN-PAUL IRASTORZA (collectively "Defendants"), hereby jointly move the Court to enter an order approving the settlement entered into by the parties and dismissing the case with prejudice, and as grounds thereof, state as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

    1.    On October 14, 2016, Plaintiff filed her Complaint in the United States District Court for the Southern District of Florida. [ECF No. 1.] The Complaint seeks unpaid overtime wages, liquidated damages, attorney's fees, costs and interest for Defendants' alleged violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. Specifically, Plaintiff alleged that she performed services for Defendant for which no provisions were made by Defendant to

Case 1:16-cv-24355-RNS   Document 27   Entered on FLSD Docket 03/30/2017   Page 2 of 7

Lopez, Danira vs. Apexx Management Group et al.
Case No. « 1:16-cv-24355-RNS

properly pay her overtime wages at a rate of time and one-half of her regular rate of pay for all overtime hours worked.

2. The parties disagree on the key question of whether Plaintiff was properly paid for all hours worked, and whether Plaintiff sustained, or the extent to which she sustained, damages.

3. The parties engaged in discovery and exchanged time and pay records which revealed that any overtime owed to Plaintiff was minimal, if any were owed at all.

4. The parties wish to avoid litigation in this matter and with regard to any of the circumstances surrounding Plaintiff's employment and termination of her employment and so have agreed to terms to settle the claims in this case and any other claim(s). The parties jointly request that this court review the terms of the agreement and approve of same as fair and reasonable as they relate to Plaintiff's FLSA overtime claim.

5. For the Court's review and approval, the Settlement Agreement is attached hereto as Exhibit "A".

## FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE

**A. The Settlement is Fair and Reasonable.**

6. Judicial review and approval of this settlement is necessary to give it final and binding effect with respect to the settlement of Plaintiff's FLSA overtime claim. *See Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). In *Lynn's Food Stores*, the 11th Circuit described the process of settling FLSA claims as follows:

Case 1:16-cv-24355-RNS Document 27 Entered on FLSD Docket 03/30/2017 Page 3 of 7
Lopez, Danira vs. Apexx Management Group et al.
Case No. « 1:16-cv-24355-RNS

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

7. Before approving a FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Hamilton v. Frito-Lay, Inc.*, 2007 WL 219981, 2-3 (M.D. Fla. 2007) *citing Leverso v. South Trsut Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court should keep in mind the ""strong presumption" in favor of finding a settlement fair. *Hamilton*, 2007 WL 219981, 2-3 *citing Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

Case 1:16-cv-24355-RNS   Document 27   Entered on FLSD Docket 03/30/2017   Page 4 of 7

Lopez, Danira vs. Apexx Management Group et al.
Case No. « 1:16-cv-24355-RNS

**B.  All of the Relevant Criteria Support Final Approval of the Settlement.**

8. First, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. *See Helms v. Cent. Fla. Reg'l Hosp.,* 2006 WL 3858491, 4 (M.D. Fla. 2006).

9. Here, each party was independently represented by counsel. Plaintiff was represented by Brian H. Pollock, Esq., of the FairLaw Firm, and Defendants were represented by Ramy P. Elmasri, Esq. and Nicholas W. Travis, Esq., of Vernis & Bowling of Miami, P.A. Counsel involved have extensive experience in litigating claims under the Fair Labor Standards Act. Each counsel was obligated, and did, vigorously represent his respective client's rights. Based on the Settlement Agreement, it is clear that there was no fraud or collusion.

10. The complexity, expense, and length of future litigation also militate in favor of this settlement. Plaintiff and Defendants continue to disagree over the merits of the claim asserted by Plaintiff (any future claim(s) that Plaintiff indicated that she intended to bring). If this case were to be litigated further, Plaintiff would have to prove that she performed the work for which she was not properly compensated. *See Anderson v. Mt. Clemens Potter Co.*, 328 U.S. 680, 687 (1946). The parties would be forced to engage in complex, costly and protracted litigation in order for this burden to be met and defended. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

11. Third, in agreeing upon the proposed settlement, the parties had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion after having exchanged not only discovery, but also the time and pay records relative to Plaintiff's hours worked and pay received.

Case 1:16-cv-24355-RNS   Document 27   Entered on FLSD Docket 03/30/2017   Page 5 of 7

Lopez, Danira vs. Apexx Management Group et al.
Case No. « 1:16-cv-24355-RNS

12. Plaintiff's probability of success on the merits is also uncertain, further suggesting that his settlement is fair and appropriate. Plaintiff asserts that there are unpaid overtime wages due to Defendants' alleged violation of the FLSA. Defendants contest these allegations and raised affirmatively several defenses, which they intended to prove, if litigation were to continue. The range of possible recovery by Plaintiff is also open to dispute.

13. The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorney's fees. *See Helms* 2006 WL 3858491 at 2. The *Helms* court held, that it is unnecessary to inquire into the reasonableness of the hourly rate charged by plaintiff's counsel where the parties stipulate as to the reasonableness of the attorney's fees. *Id.* at 4. Here, neither the Plaintiff nor the Defendants contest the division of Plaintiff's Counsel's fees and costs, as evidenced by the parties' agreement to the settlement.

14. The parties also allocated money to resolve Plaintiff's non-FLSA claims, since Plaintiff filed a Charge of Discrimination with the EEOC. Defendants thus bargained to obtain a full general release of all claims from Plaintiff in exchange for a payment to her for same.

## **CONCLUSION**

15. The Settlement terms are fair, reasonable and adequate. Accordingly, the parties respectfully request the Court grant this Join Motion for Approval of the Settlement and dismiss this case with prejudice. The parties request the Court retain jurisdiction to enforce the terms of settlement for a period of 60 days.

Case 1:16-cv-24355-RNS   Document 27   Entered on FLSD Docket 03/30/2017   Page 6 of 7
Lopez, Danira vs. Apexx Management Group et al.
Case No. « 1:16-cv-24355-RNS

**DATED** this 30th day of March 2017.

| | |
|---|---|
| */ s / Ramy P. Elmasri*  | */ s / Brian H. Pollock*  |
| Ramy P. Elmasri, Esq. | Brian H. Pollock, Esq. |
| Fla. Bar No. 0083370 | Fla. Bar No. 174742 |
| Nicholas W. Travis | **FAIRLAW FIRM** |
| Fla. Bar No. 116594 | 7300 N. Kendall Drive, Suite 540 |
| **VERNIS & BOWLING OF MIAMI, P.A.** | Miami, FL 33156 |
| 1680 N.E. 135th Street | Tel:     305.320.04884 |
| Miami, FL 33181 | Fax:    305.320.4844 |
| Tel:     305.395.0305 | *Counsel for Plaintiff* |
| Fax:    305.892.1260 | |
| *Counsel for Defendants* | |

Lopez, Danira vs. Apexx Management Group et al.
Case No. « 1:16-cv-24355-RNS

## CERTIFICATE OF SERVICE

I hereby certify that on March 30th 2017, the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Vernis & Bowling of Miami, P.A.**
1680 N.E. 135th Street
Miami, FL 33181
Tel:   305-895-3035
Fax:   305-892-1260

By: _/ s / **Ramy P. Elmasri**_
Ramy P. Elmasri, Esq.
Florida Bar No. 0083370
relmasri@florida-law.com
rpefiling@florida-law.com
ramyelmasri@aol.com
Nicholas W. Travis, Esq.
Florida Bar No. 0116594
ntravis@florida-law.com
mmedder@florida-law.com
dhorn@florida-law.com

## SERVICE LIST

Brian H. Pollock, Esq.
Fair Law Firm
7300 N. Kendall Drive, Suite 450
Miami, FL 33156
brian@fairlawattorney.com