UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI- CIVIL DIVISION

CASE NO. 1:16-cv-24355-RNS

_____

DANIRA L. LOPEZ SIERRA,

    Plaintiff,

vs.

APEXX MANAGEMENT GROUP, CORP.,
B & JCM PROPERTIES, L.L.C.,
BENITO IRASTORZA, and
JEAN-PAUL IRASTORZA,

    Defendants.
_____

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND
DISMISSAL WITH PREJUDICE WITH INCORPORATED MEMORANDUM OF LAW**
_____

    Plaintiff, DANIRA L. LOPEZ SIERRA, and the Defendants, B&JCM PROPERTIES, L.L.C., APEXX MANAGEMENT GROUP CORP., BENITO IRASTORZA, and JEAN-PAUL IRASTORZA (collectively "Defendants"), hereby jointly move the Court to enter an order approving the settlement entered into by the parties and dismissing the case with prejudice, and as grounds thereof, state as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

    1.    On October 14, 2016, Plaintiff filed her Complaint in the United States District Court for the Southern District of Florida. [ECF No. 1.] The Complaint seeks unpaid overtime wages, liquidated damages, attorney's fees, costs and interest for Defendants' alleged violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. Specifically, Plaintiff alleged that she performed services for Defendant for which no provisions were made by Defendant to

Case 1:16-cv-24355-RNS   Document 28   Entered on FLSD Docket 03/30/2017   Page 2 of 16
Lopez, Danira vs. Apexx Management Group et al.
Case No. « 1:16-cv-24355-RNS

properly pay her overtime wages at a rate of time and one-half of her regular rate of pay for all overtime hours worked.

2. The parties disagree on the key question of whether Plaintiff was properly paid for all hours worked, and whether Plaintiff sustained, or the extent to which she sustained, damages.

3. The parties engaged in discovery and exchanged time and pay records which revealed that any overtime owed to Plaintiff was minimal, if any were owed at all.

4. The parties wish to avoid litigation in this matter and with regard to any of the circumstances surrounding Plaintiff's employment and termination of her employment and so have agreed to terms to settle the claims in this case and any other claim(s). The parties jointly request that this court review the terms of the agreement and approve of same as fair and reasonable as they relate to Plaintiff's FLSA overtime claim.

5. For the Court's review and approval, the Settlement Agreement is attached hereto as Exhibit "A".

**FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE**

    **A. The Settlement is Fair and Reasonable.**

6. Judicial review and approval of this settlement is necessary to give it final and binding effect with respect to the settlement of Plaintiff's FLSA overtime claim. *See Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). In *Lynn's Food Stores*, the 11th Circuit described the process of settling FLSA claims as follows:

Case 1:16-cv-24355-RNS   Document 28   Entered on FLSD Docket 03/30/2017   Page 3 of 16

Lopez, Danira vs. Apexx Management Group et al.
Case No. « 1:16-cv-24355-RNS

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

7. Before approving a FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Hamilton v. Frito-Lay, Inc.*, 2007 WL 219981, 2-3 (M.D. Fla. 2007) *citing Leverso v. South Trsut Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court should keep in mind the ""strong presumption" in favor of finding a settlement fair. *Hamilton*, 2007 WL 219981, 2-3 *citing Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

Case 1:16-cv-24355-RNS   Document 28   Entered on FLSD Docket 03/30/2017   Page 4 of 16

Lopez, Danira vs. Apexx Management Group et al.
Case No. « 1:16-cv-24355-RNS

### B.   All of the Relevant Criteria Support Final Approval of the Settlement.

8.   First, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. *See Helms v. Cent. Fla. Reg'l Hosp.,* 2006 WL 3858491, 4 (M.D. Fla. 2006).

9.   Here, each party was independently represented by counsel. Plaintiff was represented by Brian H. Pollock, Esq., of the FairLaw Firm, and Defendants were represented by Ramy P. Elmasri, Esq. and Nicholas W. Travis, Esq., of Vernis & Bowling of Miami, P.A. Counsel involved have extensive experience in litigating claims under the Fair Labor Standards Act. Each counsel was obligated, and did, vigorously represent his respective client's rights. Based on the Settlement Agreement, it is clear that there was no fraud or collusion.

10.   The complexity, expense, and length of future litigation also militate in favor of this settlement. Plaintiff and Defendants continue to disagree over the merits of the claim asserted by Plaintiff (any future claim(s) that Plaintiff indicated that she intended to bring). If this case were to be litigated further, Plaintiff would have to prove that she performed the work for which she was not properly compensated. *See Anderson v. Mt. Clemens Potter Co.*, 328 U.S. 680, 687 (1946). The parties would be forced to engage in complex, costly and protracted litigation in order for this burden to be met and defended. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

11.   Third, in agreeing upon the proposed settlement, the parties had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion after having exchanged not only discovery, but also the time and pay records relative to Plaintiff's hours worked and pay received.

Case 1:16-cv-24355-RNS   Document 28   Entered on FLSD Docket 03/30/2017   Page 5 of 16

Lopez, Danira vs. Apexx Management Group et al.
Case No. « 1:16-cv-24355-RNS

12. Plaintiff's probability of success on the merits is also uncertain, further suggesting that his settlement is fair and appropriate. Plaintiff asserts that there are unpaid overtime wages due to Defendants' alleged violation of the FLSA. Defendants contest these allegations and raised affirmatively several defenses, which they intended to prove, if litigation were to continue. The range of possible recovery by Plaintiff is also open to dispute.

13. The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorney's fees. *See Helms* 2006 WL 3858491 at 2. The *Helms* court held, that it is unnecessary to inquire into the reasonableness of the hourly rate charged by plaintiff's counsel where the parties stipulate as to the reasonableness of the attorney's fees. *Id.* at 4. Here, neither the Plaintiff nor the Defendants contest the division of Plaintiff's Counsel's fees and costs, as evidenced by the parties' agreement to the settlement.

14. The parties also allocated money to resolve Plaintiff's non-FLSA claims, since Plaintiff filed a Charge of Discrimination with the EEOC. Defendants thus bargained to obtain a full general release of all claims from Plaintiff in exchange for a payment to her for same.

## CONCLUSION

15. The Settlement terms are fair, reasonable and adequate. Accordingly, the parties respectfully request the Court grant this Join Motion for Approval of the Settlement and dismiss this case with prejudice. The parties request the Court retain jurisdiction to enforce the terms of settlement for a period of 60 days.

Case 1:16-cv-24355-RNS   Document 28   Entered on FLSD Docket 03/30/2017   Page 6 of 16

Lopez, Danira vs. Apexx Management Group et al.
Case No. « 1:16-cv-24355-RNS

**DATED** this 30th day of March 2017.

| | |
|---|---|
| */ s / Ramy P. Elmasri* | */ s / Brian H. Pollock* |
| Ramy P. Elmasri, Esq. | Brian H. Pollock, Esq. |
| Fla. Bar No. 0083370 | Fla. Bar No. 174742 |
| Nicholas W. Travis | **FAIRLAW FIRM** |
| Fla. Bar No. 116594 | 7300 N. Kendall Drive, Suite 540 |
| **VERNIS & BOWLING OF MIAMI, P.A.** | Miami, FL 33156 |
| 1680 N.E. 135th Street | Tel:    305.320.04884 |
| Miami, FL 33181 | Fax:   305.320.4844 |
| Tel:    305.395.0305 | *Counsel for Plaintiff* |
| Fax:   305.892.1260 | |
| *Counsel for Defendants* | |

Lopez, Danira vs. Apexx Management Group et al.
Case No. « 1:16-cv-24355-RNS

## CERTIFICATE OF SERVICE

      I hereby certify that on March 30th 2017, the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                          **Vernis & Bowling of Miami, P.A.**
                          1680 N.E. 135th Street
                          Miami, FL 33181
                          Tel:    305-895-3035
                          Fax:   305-892-1260

                          */ s / **Ramy P. Elmasri***
By: _____
                          Ramy P. Elmasri, Esq.
                          Florida Bar No. 0083370
                          relmasri@florida-law.com
                          rpefiling@florida-law.com
                          ramyelmasri@aol.com
                          Nicholas W. Travis, Esq.
                          Florida Bar No. 0116594
                          ntravis@florida-law.com
                          mmedder@florida-law.com
                          dhorn@florida-law.com

## SERVICE LIST

Brian H. Pollock, Esq.
Fair Law Firm
7300 N. Kendall Drive, Suite 450
Miami, FL 33156
brian@fairlawattorney.com

# Exhibit A

# SETTLEMENT AGREEMENT AND WAIVER/RELEASE

This Settlement Agreement and Waiver/Release (the "Agreement") is by and between **Danira L. Lopez Sierra**, on behalf of herself, her agents, representatives, assignees, heirs, executors, beneficiaries, and trustees ("**Plaintiff**"), **Apexx Management Group, Corp., B&JCM Properties, L.L.C., Benito Irastorza and Jean-Paul Irastorza**, on behalf of itself, its subsidiaries, partners, members, related entities, predecessors, successors, assigns, trustees, insurers, attorneys, officers, directors, employees, agents, joint ventures and affiliated owners, (collectively "**Defendant**").

Whereas, **Plaintiff** has filed a Complaint against **Defendants** in the United States District Court Southern District of Florida, styled <u>Danira L. Lopez Sierra v. Apexx Management Group, Corp., B & JCM Properties, Benito Irastorza and Jean-Paul Irastorza</u> Case No.16-CV-24355, alleging violations of the Fair Labor Standards Act, (the "Lawsuit"); and

Whereas, **Plaintiff** has filed a Charge of Discrimination against **Defendants** with the Florida Commission on Human Relations, Charge of Discrimination No.510-2016-03690, alleging violations of the Fair Labor Standards Act, (the "Charge"); and

Whereas, **Defendant** vehemently denies **Plaintiff's** claims; and

Whereas, except as otherwise provided herein, **Plaintiff** and **Defendant** now desire to avoid the expense and time of continued litigation proceedings and, by this Agreement, intend to resolve all matters raised in the Lawsuit, the Charge and any and all other claims which **Plaintiff** has, or may have, against **Defendant** arising out of, or relating to, his employment with **Defendant**, except as otherwise set forth herein;

Now, therefore, in consideration of the mutual promises set out below, the parties agree as follows:

1. **Consideration**

In consideration for the promises in this Agreement, **Defendant** shall pay **Plaintiff** and his attorney **thirty five thousand dollars and no cents ($35,000.00)** (the "Settlement Amount") for all claims, inclusive of fees and costs,

    A.    The **$35,000.00** amount contemplates settlement as follows:

        a.  **$1,000.00** to account for damages associated with **Plaintiff's** FLSA claims for unpaid wages and unpaid overtime wages.

        b.  **$1,000.00** to account for liquidated damages associated with **Plaintiff's** FLSA claim for unpaid wages and unpaid overtime wages.

        c.  **$8,000.00** to account for payment of attorneys' fees and costs, including attorneys' fees and costs associated with **Plaintiff's** FLSA claim for unpaid wages and unpaid overtime wages.

Case 1:16-cv-24355-RNS   Document 28   Entered on FLSD Docket 03/30/2017   Page 10 of 16

*Settlement Agreement, Waiver / Release*
<u>Danira L. Lopez Sierra v. Apexx Management Group, Corp., B & JCM Properties, Benito Irastorza and Jean-Paul Irastorza</u>

        d. **$25,000.00**, representing consideration paid to **Plaintiff** for the release of any and all other claims for damages, or claims for attorneys' fees and costs contemplated under this agreement other than claims for damages covered by sections 1 A a, 1 A b and 1 A c, above., including to resolve any claim(s) surrounding Plaintiff's employment, termination of employment, any claim related to the Charge (and received a Right to Sue).

B.    The Settlement Amount shall be payable as follows:

        a. A check or checks shall be issued payable to "FairLaw Firm Trust Account" in the amount of $35,000.00.

    **Plaintiff** and **Defendant** agree that the gross sum constitutes good, valid and sufficient consideration for this Agreement and **Plaintiff** agrees that, upon receipt of this payment, she has been properly and fully paid for all scheduled and unscheduled hours worked.

    **Defendants** further agree to satisfy all costs of the mediator.

    The monies described in paragraph 1 of this Agreement shall be immediately forwarded to Plaintiff's counsel's office within twenty (20) days after the Court has approved the proposed settlement, after Plaintiff has executed the Agreement, and after the revocation period of seven (7) days has expired. Counsel for the parties shall file, through counsel, a Joint Motion for Approval of Settlement and Dismissal With Prejudice of the case styled <u>Danira L. Lopez Sierra v. Apexx Management Group, Corp., B & JCM Properties, Benito Irastorza and Jean-Paul Irastorza</u> Case No.16-CV-24355, with each party to bear their own attorney's fees and court costs except as otherwise set forth herein.

    The Court shall retain jurisdiction to enforce the terms of this settlement.

2.    **<u>Waiver Of Costs And Attorneys' Fees And Agreement Regarding Future Employment</u>**

    In consideration of the promises made by **Defendant** in this Agreement, **Plaintiff** agrees to waive any claim she may have to an award of costs and attorneys' fees arising under the FLSA and/or any State or Federal claim predicated upon her Charge other than the payment set forth herein, or as required to enforce this agreement. **Plaintiff** acknowledges that she agrees not to seek employment or re-employment with **Defendant** at any point in the future.

3.    **<u>Release And Covenant Not To Sue</u>**

    In further consideration of the promises made by **Defendants** in this Agreement, **Plaintiff** releases and forever discharges **Defendants** from:

    (a)    all claims raised or which could have been raised in the Lawsuit or Charge;

*Settlement Agreement, Waiver / Release*
<u>Danira L. Lopez Sierra v. Apexx Management Group, Corp., B & JCM Properties, Benito Irastorza and Jean-Paul Irastorza</u>

    (b)    all claims, actions, causes of action, demands, damages, costs, attorneys' fees, loss of wages and benefits, loss of earning capacity, mental anguish, pain and suffering, or other relief permitted to be recovered on related to, or in any way growing out of her employment with **Defendant**, or separation from **Defendants'** employment;

    (c)    all claims based on or arising under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., Florida's Worker's Compensation law, the Americans With Disabilities Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and 42 U.S.C. §§1981 through 1988, Florida's Public and Private Whistleblower Acts, Florida Civil Rights Act, Florida Statutes § 760 et seq., Florida's Minimum Wage Act, The Family Medical Leave Act, The Employee Retirement Income Security Act of 1974, as amended ("ERISA"), The Immigration Reform and Control Act, as amended, The Age Discrimination in Employment Act of 1967 ("ADEA"), as amended by the Older Worker's Benefit Protection Act of 1990, The Workers Adjustment and Retraining Notification Act, as amended, The Occupational Safety and Health Act, as amended, The Federal and Florida Equal Pay Act, as amended, any other federal, state, or local civil or human rights law or any other local, state, or federal law, regulation, or ordinance, including claims for workers' compensation retaliation, any public policy, contract, tort, or common law or any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters; and

    (d)    all claims arising under common law including, but not limited to, retaliatory discharge, breach of contract (express or implied), intentional interference with contract, intentional infliction of emotional distress, negligence, defamation, violation of public policy, wrongful or retaliatory discharge, tortious interference with contract, and promissory estoppel, on account of, or any inquiry related to or in any way growing out of Plaintiff's employment with, or separation from, **Defendant.**

    **Plaintiff** intends this Agreement to bar each and every claim, demand, and cause of action which she now has, or now may have, against **Defendant** from the beginning of the world to the date of execution of this Agreement including, but not limited to, any and all claims made in the action styled <u>Danira L. Lopez Sierra v. Apexx Management Group, Corp., B & JCM Properties, Benito Irastorza and Jean-Paul Irastorza</u> Case No.16-CV-24355. Excepted from this release are any claims which cannot be waived by law, and claims arising after the date of this Agreement. Also excepted from this release is Plaintiff's claim for workers' compensation arising from any accidents which have already been released. Additionally, this Agreement specifically releases any claims that may exist for workers compensation retaliatory discharge.

    In exchange for **Plaintiff** entering into this agreement and for the other consideration herein, **Defendant** releases **Plaintiff** from any and all damages, complaints, claims, charges, actions and causes of action of any kind or nature that **Defendant** once had, now have, or now may have, whether arising out of **Plaintiff's** employment, or otherwise, and whether such claims

*Settlement Agreement, Waiver / Release*
<u>Danira L. Lopez Sierra v. Apexx Management Group, Corp., B & JCM Properties, Benito Irastorza and Jean-Paul Irastorza</u>

are now known or unknown to **Defendant** from the beginning of the world to the date of the execution of this agreement. **Defendant** does not waive claims which arise after the date this Agreement becomes executed.

4. **Age Discrimination in Employment Act Compliance**

In compliance with the requirements of the Age Discrimination in Employment Act (ADEA), as amended by the Older Worker Benefit Protection Act of 1990, **Plaintiff** acknowledges by her signature below that she has read and understand this Agreement and Waiver and specifically understands the following:

   a. That she may consult with an attorney before signing this Agreement and Waiver;

   b. That she is releasing **Defendant** from, among other things, any claim which she might have against **Defendant** pursuant to the ADEA as amended by the Older Worker's Benefit Protection Act of 1990;

   c. That this Agreement and Waiver does not cover the rights or claims that may arise under the ADEA after the date of execution of this Agreement and Waiver;

   d. That she has been given a period of up to 21 days in which to consider this Agreement and Waiver; and

   e. That she may revoke this Agreement and Waiver during the seven (7) day period following the execution of this Agreement and Waiver. Accordingly, this Agreement and Waiver will not become binding and effective until the seven (7) day revocation period has expired.

5. **Method of Revocation**

The monies described in paragraph 1 of this Agreement shall be paid after the revocation period of seven (7) days has expired pursuant to the schedule in paragraph 1 if the agreement is not revoked. Revocation of this Agreement must only be made as follows:

   Delivery of a Notice of Revocation to:

   Ramy P. Elmasri, Esq.
   Vernis & Bowling of Miami, P.A.
   1680 N.E. 135 Street
   Miami, FL 33181

4

Case 1:16-cv-24355-RNS   Document 28   Entered on FLSD Docket 03/30/2017   Page 13 of 16

*Settlement Agreement, Waiver / Release*
<u>Danira L. Lopez Sierra v. Apexx Management Group, Corp., B & JCM Properties, Benito Irastorza and Jean-Paul Irastorza</u>

6. <u>**Non-Admission**</u>

**Plaintiff** and **Defendant** agree that this Agreement does not constitute, is not intended to be, and shall not be construed, interpreted, or treated in any respect as an admission of any liability or wrongdoing by **Defendant**.

7. <u>**Non-Disclosure and Confidentiality**</u>

**Plaintiff** agrees that he shall not disclose the terms of this Agreement to any current or former employee of **Defendant**. **Plaintiff** further agrees that this Agreement, the negotiations leading up to it, and the information exchanged in connection with this Agreement are **Confidential** and shall not be disclosed to anyone other than Plaintiff's counsel, her tax advisor(s), and/or in response to a subpoena or Court Order. If Plaintiff is compelled to provide such information by way of a subpoena or Court Order, then Plaintiff shall contact Defendant's counsel within five (5) days of receipt of any such subpoena or Order to allow Defendant to impose the appropriate objection and/or argument. **Plaintiff** agrees that breach of this non-disclosure provision shall be considered a material breach of this Agreement. **Defendant** may bring suit to recover damages for breach of this provision. The non-prevailing party shall be liable to the prevailing party for reasonable attorneys' fees and costs associated with such action or litigation, including costs and fees associated with any appeals.

8. <u>**Entire Agreement**</u>

**Plaintiff** and **Defendant** agree that this Agreement shall be construed and enforced in accordance with the laws of the State of Florida. **Plaintiff** and **Defendant** further agree that this Agreement sets forth the entire agreement between the parties and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to, which is not referred to and incorporated in this Agreement. No other promises or agreements shall be binding unless made in writing and signed by **Plaintiff** and **Defendant**.

This Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of this Agreement. This agreement is otherwise admissible in a court of law to enforce the provisions herein.

The non-prevailing party in any litigation or action to enforce this agreement shall be liable to the prevailing party for reasonable attorneys' fees and costs associated with such action or litigation, including costs and fees associated with any appeals.

9. <u>**Dispute Resolution; Interpretation of Agreement**</u>

The Parties hereby stipulate that the court shall retain jurisdiction to enforce the terms of the Agreement should enforcement become necessary. In the event of a breach of this Agreement or in the event any action is commenced in the Court having jurisdiction over this matter concerning enforcement of the provisions of this Agreement, the prevailing party in any

Case 1:16-cv-24355-RNS   Document 28   Entered on FLSD Docket 03/30/2017   Page 14 of 16

*Settlement Agreement, Waiver / Release*
<u>Danira L. Lopez Sierra v. Apexx Management Group, Corp., B & JCM Properties, Benito Irastorza and Jean-Paul Irastorza</u>

such action shall be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

**Plaintiff** and **Defendant** understand, represent, and agree that they:
(a) Have carefully read and fully understand all of the provisions of this Agreement;
(b) Knowingly and voluntarily agree to all of the terms set forth in this Agreement;
(c) Knowingly and voluntarily intend to be legally bound by this Agreement;
(d) Were advised to consider and did consider the terms of this Agreement with counsel prior to executing this Agreement; and
(e) Are duly authorized and have full authority to execute this Agreement.

## 10. <u>Full Knowledge, Consent, And Voluntary Signing</u>

**Plaintiff** also agrees that she is entering into this agreement knowingly, voluntarily, and with full knowledge of its significance; she has not been coerced, threatened, or intimidated into signing this agreement; and she has been advised to consult with an attorney, and in fact has consulted with an attorney.

## 11. <u>Severability</u>

To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, **Plaintiff** and **Defendant** agree that the remaining portions shall not be affected and shall be given full force and effect.

## 12. <u>Neutral Reference</u>

**Defendant** agrees that they will provide a neutral employment reference to any prospective employer of **Plaintiff**, disclosing solely **Plaintiff's** dates of employment, job title and job duties and without any reference to any claim, lawsuit, or the resolution thereof.

**THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK**

*Settlement Agreement, Waiver / Release*
<u>Danira L. Lopez Sierra v. Apexx Management Group, Corp., B & JCM Properties, Benito Irastorza and Jean-Paul Irastorza</u>

13. IN ENTERING INTO THIS AGREEMENT, **PLAINTIFF** REPRESENTS THAT SHE HAS HAD THE OPPORTUNITY TO OBTAIN LEGAL ADVICE FROM HER OWN ATTORNEYS, HAS READ THE TERMS OF THIS AGREEMENT AND THAT THE TERMS ARE FULLY UNDERSTOOD AND VOLUNTARILY ACCEPTED BY HER. **PLAINTIFF** HAS REVIEWED THIS AGREEMENT AND EXPRESSLY DISCLAIMS ANY RELIANCE ON THE DEFENDANTS OR THEIR COUNSEL FOR ANY ADVICE OR INTERPRETATION OF THE LEGAL, TAX OR FINANCIAL IMPLICATIONS OF THIS AGREEMENT.

**CAUTION: READ THIS ENTIRE AGREEMENT BEFORE SIGNING.**

**THIS IS A RELEASE OF ALL OF YOUR RIGHTS**

14. Plaintiff agrees that this Agreement was translated to her from English to Spanish, that she understood the translation, and that she had an opportunity to ask any question she had about this Agreement, its consequences, and/or the claims released herein.

**THE FOREGOING TERMS ARE AGREED TO AND ACCEPTED BY:**

**DANIRA L. LOPEZ SIERRA**

_____
DANIRA L. LOPEZ SIERRA

Date: 03/27/17

**APPEX MANAGEMNET GROUP CORP.**

_____
APPEX MANAGEMENT GROUP, CORP.

Jean Paul Irastorza   President
Printed Name and Title

Date: 3/27/17

7

*Settlement Agreement, Waiver / Release*
<u>Danira L. Lopez Sierra v. Apexx Management Group, Corp., B & JCM Properties, Benito Irastorza and Jean-Paul Irastorza</u>

**JEAN-PAUL IRASTORZA**

_____
**JEAN-PAUL IRASTORZA**

Date: 3/27/17

**B&JCM PROPERTIES, LLC**

_____
**B&JCM PROPERTIES, LLC**

BENITO IRASTORZA, MANAGING DIR.
Printed Name and Title

Date: 3/27/17

**BENITO IRASTORZA**

_____
**BENITO IRASTORZA**

Date: 3/27/17

8